UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA C. M., <br>         Plaintiff, <br>     v. <br> ANDREW SAUL, <br> Commissioner of Social Security, <br>         Defendant. | Case No. CV 20-1339-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Yolanda C. M.[1] ("Plaintiff") challenges the Commissioner's denial of her application for supplemental security income ("SSI").[2] For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

///

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Plaintiff does not challenge the denial of her application for disability insurance benefits ("DIB"). (Joint Submission ("JS") at 5.) Accordingly, the Court addresses only Plaintiff's challenge to the denial of her SSI claims.

## II. SUMMARY OF PROCEEDINGS

On February 10, 2016, Plaintiff filed a Title II application for DIB and, on January 9, 2017, she filed a Title XVI application for SSI, alleging in both applications that she had been disabled since November 30, 2014, due to diabetes, high blood pressure, "thyroid," carpal tunnel, and "tumor on pituitary." (Administrative Record ("AR") 85, 212, 245, 296.) Her DIB claims were denied initially on July 28, 2016, and upon reconsideration on September 26, 2016. (AR 85, 202, 212.) On October 3, 2016, Plaintiff filed a written request for hearing, and a hearing on both applications was held on September 26, 2018. (AR 175-92, 222-23, 245.) Appearing unrepresented, Plaintiff testified, along with an impartial vocational expert. (AR 175-92.) On December 4, 2018, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[3] from November 30, 2014, through the date of the decision. (AR 93.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1-6.) Plaintiff filed this action on July 2, 2020. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2014, the alleged onset date. (AR 87.) At **step two**, the ALJ found that Plaintiff has the severe impairments of diabetes mellitus with distal neuropathy and morbid obesity. (AR 87.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 89.)

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (AR 89.) At **step four**, based on Plaintiff's RFC and the vocational expert ("VE")'s testimony, the ALJ found that Plaintiff is capable of performing past relevant work as a caregiver as actually performed and as an accounts receivable as actually and generally performed. (AR 92-93.) Accordingly, the ALJ did not proceed to **step five**, and instead, found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (AR 23-24.) Accordingly, the ALJ found that Plaintiff "has not been under a disability . . . from November 30, 2014, through the date of this decision." (AR 93.)

### III. <u>STANDARD OF REVIEW</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001)

(citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins v. Social Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff presents two issues for review as to her Title XVI claim: (1) whether the ALJ properly considered the relevant medical evidence of record in her determination of severe impairments and in her assessment of Plaintiff's RFC; and (2) whether the ALJ properly considered Plaintiff's subjective statements in her assessment of Plaintiff's RFC. (JS at 4-14, 28-31.) For the reasons below, the Court agrees with Plaintiff that remand is warranted.

### A. The ALJ's Consideration of the Relevant Medical Evidence

Plaintiff contends that the ALJ failed to properly consider the relevant medical evidence in determining her severe impairments and in assessing her RFC. (JS at 4-14.)

#### 1. Step Two

Plaintiff appears to contend that the ALJ failed to properly consider the severity of the combination of impairments affecting her knees, legs, back, hands, and mental functioning at step two. (JS at 5.)

##### a. Applicable Legal Standards

The step two inquiry is meant to be a *de minimis* screening device. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137,

153–54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987)). At step two, the ALJ identifies a claimant's severe impairments, *i.e.*, impairments that significantly limit his or her ability to do basic work activities.[4] 20 C.F.R. § 416.920(a)(4)(ii); *Smolen*, 80 F.3d at 1290. A determination that an impairment is not severe requires evaluation of medical findings describing the impairment, and an informed judgment as to its limiting effects on a claimant's ability to do basic work activities. Social Security Ruling ("SSR") 85-28, 1985 WL 56856, at *4 (Jan. 1, 1985).[5]

The ALJ must take into account subjective symptoms in assessing severity, *Smolen*, 80 F.3d at 1290, but "medical evidence alone is evaluated . . . to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28 at *4. An impairment or combination thereof may properly be found not severe if the clearly established objective medical evidence shows only slight abnormalities that minimally affect a claimant's ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *Smolen*, 80 F.3d at 1290.

### b. The ALJ's Decision

Here, at step two, the ALJ discussed Plaintiff's bilateral knee pain, lower back pain, carpal tunnel syndrome, and memory disorder and found they were not severe impairments. (AR 87-88.) The ALJ noted that despite diagnostic imaging showing mild degenerative joint disease in the knees, Plaintiff did not complain of significant joint pain and/or weakness; physical examinations revealed the lower extremities were without deformity, clubbing, cyanosis or edema; there was normal muscle tone, strength, and range of motion; and there were no significant neurological changes. (AR 88, 427-28, 439, 472, 502, 555.) Regarding Plaintiff's lower back pain, the ALJ noted that despite evidence of chronic L5, S1 radiculopathy and an MRI of the lumbar spine showing mild to moderate degenerative changes, physical examinations noted

---

[4] Basic work activities are "the abilities and aptitudes necessary to do most jobs[.]" 20 C.F.R. § 416.921(b).

[5] SSRs do not have the force of law, but a reviewing court generally accords them some deference. *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001).

musculoskeletal structures were near normal with normal symmetry, tone, strength, and range of motion; there was no effusion, instability or tenderness; and there were no significant neurological changes. (AR 88, 397, 428, 439, 472, 523-24.) Regarding Plaintiff's carpal tunnel syndrome, the ALJ noted that diagnostic testing revealed bilateral median nerve dysfunction at the wrist consistent with carpal tunnel syndrome; Plaintiff denied joint pain, weakness and/or issues with coordination; physical examinations were normal and the upper extremities were without deformities, clubbing, cyanosis or edema; normal muscle tone, strength and range of motion were noted; and there were no significant neurological changes. (AR 87-88, 396, 428, 439, 472-74.) Regarding Plaintiff's mental disorder, the ALJ found that Plaintiff's memory remained intact on psychiatric examinations. (AR 89, 436.)

### c. Discussion

The overall treatment record supports the ALJ's finding at step two. Plaintiff presents a different interpretation of the objective medical evidence and diagnoses. (JS at 7-14.) While Plaintiff's interpretation of the evidence is not unreasonable, neither is the ALJ's interpretation. *See Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Further, mere diagnosis of an impairment, or even treatment for it, is insufficient to establish severity at step two, especially when the objective medical evidence in the record fails to show any work-related limitations connected to the impairment. *See Harvey v. Colvin*, 2013 WL 3899282, at *5 (C.D. Cal. July 29, 2013) (citing *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)). The Court is not persuaded by the additional evidence Plaintiff submitted to the Appeals Council, dated after the ALJ's decision, which the Appeals Council found did not relate to the period at issue. (JS 10-11; AR 1-81, 100-74.)

Even assuming that the ALJ erred in making her step two determination, any error was harmless because she considered all symptoms when determining Plaintiff's RFC. (AR 89.) *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)

(even if the ALJ erred by not including an impairment at step two, any error was harmless because the ALJ considered the limitations posed thereby in later steps of the sequential evaluation process).

Accordingly, remand is not warranted at step two.

### 2. Medical Opinion Evidence

Plaintiff contends that the ALJ erred in considering the medical opinion evidence in assessing her RFC. (JS at 6.)

#### a. Applicable Legal Standards

The ALJ is responsible for assessing a claimant's RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3); *see Robbins*, 466 F.3d at 883 (citing SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)). In doing so, the ALJ may consider any statements provided by medical sources, including statements that are not based on formal medical examinations. *See* 20 C.F.R. § 416.927.[6] An ALJ's determination of a claimant's RFC must be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *accord Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *see also* 20 C.F.R. § 416.927. Most often, "[t]he medical opinion of a claimant's treating physician is given 'controlling weight' so long as it 'is well-supported by

---

[6] For all claims filed on or after March 27, 2017, 20 C.F.R. § 416.920c applies, not § 416.927. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 416.920c. The claim here, however, was filed before March 27, 2017. Thus, the Court analyzes Plaintiff's claim pursuant to the treating source rule set forth in § 416.927.

7

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). Generally, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ must provide "clear and convincing" reasons to reject a treating or examining physician's uncontradicted opinion. *Trevizo*, 871 F.3d at 675; *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted). Although the opinion of a non-examining physician "cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician," such an opinion may serve as substantial evidence when it is consistent with and supported by other independent evidence in the record. *Lester*, 81 F.3d at 830-31; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (finding ALJ properly relied on non-examining state agency physician's assessment in determining the claimant's RFC and in rejecting the treating doctor's opinion regarding the claimant's functional limitations).

### b. The ALJ's Decision

In determining the RFC, the ALJ gave great weight to the opinions of the non-examining State Agency physicians, who found Plaintiff was capable of a full range

8

of light work. (AR 91.) On initial review of Plaintiff's DIB claim, A. Lizarraras, M.D., evaluated the medical evidence and opined that Plaintiff could perform light work, noting that the longitudinal evidence showed a stable pituitary macroadenoma, hypothyroidism and thyroiditis. (AR 198-99.) In July 2016, Dr. Lizarraras determined that Plaintiff's condition was not disabling on any date through December 31, 2014, when Plaintiff was last insured for disability benefits. (AR 200.) On reconsideration of Plaintiff's DIB claim in September 2016, M. Amado, M.D. affirmed a light RFC between November 30, 2014 and December 31, 2014, noting that most of the medical evidence of record on file was past the date last insured. (AR 207.) The ALJ found the State Agency opinions consistent with the medical evidence. (AR 91-92.)

The ALJ gave less weight to the April 2018 treating opinion of Samuel Wilson, M.D., who opined that Plaintiff could stand or sit for 30 minutes due to neuropathic and right knee pain, could walk 25 feet without stopping, would need to lie down during the day, could rarely handle and finger or reach down, could lift and carry less than five pounds, suffered from anxiety and panic attacks, needed help with her activities of daily living, and could not work. (AR 92, 504-09.) The ALJ discounted Dr. Wilson's opinion because his assessed limitations were inconsistent with and not supported by his own progress notes and medical evidence, and he did not provide any significant treatment for Plaintiff's carpal tunnel syndrome. (AR 92.)

### c. Discussion

Plaintiff argues that the ALJ erred in determining her RFC because (1) the State Agency physicians' opinions cannot form the sole basis for the RFC assessment; and (2) the State Agency physicians' opinions are from 2016 and only address Plaintiff's application for Title II benefits, focusing on her condition prior to her date last insured in 2014, because she had not yet filed her Title XVI application. (JS at 6.)

///

Here, the ALJ's decision is not supported by substantial evidence. The record contains medical opinion evidence from the State Agency physicians and Dr. Wilson, a treating source.[7] (AR 198-99, 207, 504-09.) The ALJ effectively rejected Dr. Wilson's opinion. (AR 92.) This left the State Agency physicians' opinions, which the ALJ found consistent with the medical evidence. (AR 91-92.) The ALJ noted that despite Plaintiff's morbid obesity, distal polyneuropathy, benign pituitary mass, carpal tunnel syndrome and degeneration, her physical examinations were "largely unremarkable" aside from mild decrease in sensation. (AR 91, 428, 439, 472, 550.) These physical examinations show no deformities, clubbing, cyanosis, or edema in extremities; normal musculoskeletal tone, strength and range of motion; no effusions, instability or tenderness to palpation; no neurological changes; decreased pulse but normal vibration sensation in feet; and gait within normal limits. (AR 428, 439, 472, 550.) In general, these findings would permit the State Agency physicians' opinions to constitute substantial evidence. *See Morgan*, 169 F.3d at 600 (holding a non-examining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record and is consistent with it). Here, however, the State Agency physicians' opinions have limited probative value regarding Plaintiff's SSI claim because the State Agency physicians considered the medical evidence only as it related to Plaintiff's DIB claim, *i.e.,* for the period between November 30, 2014 to December 31, 2014. (AR 196, 207.) *See Coffman v. Colvin*, 2015 WL 5826790, at *4 (C.D. Cal. Sept. 30, 2015) (remanding where ALJ rejected all treating and examining opinions and remaining State Agency opinions addressed the medical evidence only as to plaintiff's DIB claim). For the later-filed SSI claim, the period between December 31, 2014 and the date of the ALJ's decision was relevant, and the State Agency physicians' opinions did not address the medical evidence as it related to that period. Thus, it appears that the RFC assessment for the period after

---

[7] The consultative examination by Dr. Liu on January 15, 2019, occurred after the ALJ's decision and does not relate to the period at issue. (AR 2, 45-49.)

10

December 31, 2014, was mistakenly based on the State Agency opinions. To the extent the RFC assessment post-December 31, 2014 was based solely on the ALJ's interpretation of the medical evidence, she was not qualified to make a functional assessment as a layperson. *Id.* ("[A]n ALJ is simply not qualified to interpret raw medical data in functional terms.") (quoting *Padilla v. Astrue*, 541 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam), and citing *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)).

The Commissioner asserts that the ALJ is not precluded from relying on the State Agency physicians' opinions on the ground that their review was prior to Plaintiff's Title XVI application, but cites only general statutes relating to what evidence a State Agency physician considers, 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1). The Commissioner further argues that in addition to the longitudinal record, the ALJ also considered the third-party testimony and Plaintiff's subjective allegations in determining Plaintiff's RFC. (JS at 15.) The ALJ, however, essentially rejected the third-party testimony and Plaintiff's subjective allegations and erroneously relied on the State Agency physicians' opinions regarding her DIB claim. (AR 90-92.) The Court finds that the ALJ erred by formulating an RFC without a physician's assessment of Plaintiff's functional capacity after December 31, 2014.[8] *Perez v. Sec'y of Health and Human Servs.*, 958 F.2d 445, 446 (1st Cir. 1991) (per curiam) ("[W]here an ALJ reaches conclusions about [a] claimant's physical exertional capacity without any assessment of residual functional capacity by a physician, the ALJ's conclusions are not supported by substantial evidence and it is necessary to remand for the taking of further functional evidence."). It was improper for the ALJ to make an RFC determination for Plaintiff's SSI claim based

---

[8] The fact that subsequent evidence was introduced after the State Agency review is not the issue here, but rather that the State Agency physicians' opinions addressed the medical evidence only as it related to Plaintiff's DIB claim, and there was no other medical opinion in the record, except for Dr. Wilson's rejected opinion, that addressed the medical evidence as it related to Plaintiff's later-filed SSI claim.

11

on the State Agency physicians' opinions solely regarding Plaintiff's DIB claim.

The Court cannot find the ALJ's error harmless, as it cannot confidently conclude that the ALJ's RFC assessment and the non-disability decision would have been the same absent such error. Dr. Wilson's opinion suggests that Plaintiff's functional limitations would prevent Plaintiff from performing all work. (AR 504-09.)

Accordingly, remand is warranted to reevaluate the medical opinion evidence.

### B. The Court Declines to Address Plaintiff's Remaining Issue

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### C. Remand for Further Administrative Proceedings

Plaintiff contends that the ALJ's decision should be vacated and the matter remanded for further proceedings. (JS at 38-39.) The Commissioner agrees that should the Court find reversible error, the proper remedy is remand for further proceedings. (JS at 39.)

The Court agrees with the parties that remand for further administrative proceedings on Plaintiff's SSI claim is appropriate, as further administrative review could remedy the ALJ's errors. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances).[9]

---

[9] Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited

The Court finds that as to Plaintiff's SSI claim, the ALJ erred in considering the medical opinion evidence in assessing her RFC. On remand, the ALJ shall solicit the expertise of a medical advisor to interpret the medical evidence generated after Plaintiff's date last insured. The ALJ shall then reassess Plaintiff's RFC as to Plaintiff's SSI claim and proceed to step four and, if necessary, step five. This order does not preclude the ALJ from considering, on remand, any other arguments raised by Plaintiff.

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits as to Plaintiff's Title XVI SSI claim, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 6, 2021

/s/ Rozella A. Oliver
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

---

as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).